AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 22, 2021

SEAN F. McAVOY, CLERK

|  |  |
|---|---|
| United States of America ) | |
| v. ) | |
| Lavander Yahtin ) | Case No. 1:21-CR-02003-SMJ-1 |
| ) | |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☑ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
  ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
  ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
  ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
  ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
  ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
    **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
    **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☑ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☑ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☑ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
☑ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☑ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties

- ❏ Lack of significant community or family ties to this district
- ❏ Significant family or other ties outside the United States
- ❏ Lack of legal status in the United States
- ❏ Subject to removal or deportation after serving any period of incarceration
- ❏ Prior failure to appear in court as ordered
- ☑ Prior attempt(s) to evade law enforcement
- ❏ Use of alias(es) or false documents
- ❏ Background information unknown or unverified
- ❏ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

See Addendum.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 01/22/2021                                                              /s/ Mary K. Dimke
                                                                              United States Magistrate Judge

*United States v. Lavander Yahtin*, 1:21-CR-02003-SMJ-1

    Due to the nature of the charges, there is a rebuttable presumption of detention in this case. Defendant is charged with robbery affecting commerce, assault with a dangerous weapon, and discharging a firearm during and in relation to a crime of violence. The United States proffered that Defendant was recorded on video surveillance committing a robbery of the Wolf Den; specifically, that he aimed a firearm at several cashiers, demanded money, tobacco products, and threatened the employees by stating that he had people who would go after their families if he were caught. It was further proffered that during the alleged robbery, a customer entered the store at which time an employee charged Defendant and a struggle ensued, and Defendant then shot twice at the employee—one of the bullets allegedly grazed the face of the employee. It was further proffered that as Defendant fled the scene, Defendant led the police on a vehicular chase that ended when Defendant crashed his car. Law enforcement conducted searches of Defendant and the vehicle and discovered ammunition, cash, and the firearm allegedly used in the robbery. Finally, the United States proffered that Defendant's sister was an employee at the store that was robbed.[1]

    The weight of the evidence is the least important factor and Defendant is entitled to a presumption of innocence. The United States' proffer included the contents of video surveillance and evidence that was discovered during the execution of searches. This proffered information is particularly concerning to the Court as it details threats made to the victims in this case. Additionally, Defendant faces a 10-year mandatory minimum were he to be convicted of violating 19 U.S.C. § 924(c). Based on the proffer there is sufficient evidentiary weight to the case to give the Court concern as to dangerousness and risk of flight.

    Turning to his history and characteristics, Defendant is 21 years old, was born in Toppenish, Washington, and has resided in the District for the majority of his life. Defendant's mother and many of his numerous siblings live in the District. Defendant has been in a long-term relationship with his significant other and they share one infant child, although it appears she and the child reside in western Washington. Prior to his arrest, Defendant was residing in Wapato with his mother and had been there approximately the past year. Defendant proposed

---

[1] It is unclear whether Defendant's sister is a current or former employee of the store and it does not appear as though she was on shift at the time of the alleged events.

returning to live with his mother in Wapato were he to be released. In the alternative he proposed living with his grandmother and aunt in White Swan, Washington. Notably, both of the suggested release addresses are in close proximity to the victims' residences and the Wolf Den. Defendant does not possess a passport and has not travelled outside the United States. Defendant has not completed high school, though he needs only two credits to graduate. Prior to his arrest, Defendant was employed at Legends Casino and Hotel in Toppenish. He had worked there for approximately one and a half years as a security guard although he was forced to resign due to the instant offense. That said, Defendant reported he felt confident in his being allowed to resume work at Legends were he to be released.

Defendant does not have a criminal history prior to the instant offense.

In sum, the Court finds by clear and convincing evidence there are no conditions or combination of conditions other than detention that will ensure the safety of the community and Defendant's appearance at future court hearings. Of particular concern to the court are the incredibly serious nature of the alleged offenses, including the use of and firing of a firearm, and the threats made to the victims. This is especially so considering the close proximity of Defendant's proposed release addresses to the residences of the victims. The Court considered the suggested release condition of GPS monitoring, however, in light of the small size of the town to which Defendant requested to be release, the Court has concerns that this will not adequately protect the victims. Additionally, the fact Defendant's sister may know where the victims live as a result of her employment and the alleged threats made to their families further heightens the Court's concern for the safety of the community. That said, the Court would be willing to reconsider Defendant's release if he is able to provide a suitable release address further away from the victims.