Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Matthew A. Stone
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAN 18 2022

SEAN F. McAVOY, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA | NO: 1:21-CR-02003-SMJ |
| vs. | Plea Agreement |
| LAVANDER YAHTIN | |

The United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Matthew A. Stone, Assistant United States Attorney for the Eastern District of Washington, and Defendant, LAVANDER YAHTIN, and Defendant's counsel, Ulvar W. Klein, agree to the following Plea Agreement:

**1.    Guilty Plea:**

Defendant, LAVANDER YAHTIN, agrees to plead guilty to Count Three of the Indictment in this case, charging Defendant with Discharging a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

PLEA AGREEMENT
PAGE - 1

**2.    Maximum Statutory Penalties:**

Defendant, LAVANDER YAHTIN, understands that this is a Class A felony charge, which carries a maximum penalty of: at least ten (10) years and up to life imprisonment; a fine not to exceed $250,000; up to (5) years of supervised release; and a $100 special penalty assessment.

Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for all or part of the term of supervised release without credit for time previously served on post-release supervision.

**3.    The Court is Not a Party to the Agreement:**

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by Defendant; that the Court may obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

PLEA AGREEMENT
PAGE - 2

Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward under the appropriate circumstances.

Defendant understands that should the sentencing judge decide not to accept any of the parties' recommendations, that decision is not a basis for withdrawing from this Plea Agreement or a basis for withdrawing this plea of guilty.

**4.    Waiver of Constitutional Rights:**

Defendant, LAVANDER YAHTIN, understands that by entering this plea of guilty Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

    (a).    The right to a jury trial;

    (b).    The right to see, hear and question the witnesses;

    (c).    The right to remain silent at trial;

    (d).    The right to testify at trial; and

    (e).    The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that he/she retains the right to be assisted through the sentencing, and any direct appeal of the conviction and sentence, by an attorney who will be appointed at no cost if Defendant cannot afford to hire an attorney.

**5.    Effect on Immigration Status:**

Defendant, LAVANDER YAHTIN, recognizes that pleading guilty may have consequences with respect to his/her immigration status if he/she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including his/her attorney or the District Court, can predict to a certainty the effect of his/her conviction on his/her immigration status. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that his/her plea may entail, even if the consequence is his/her automatic removal from the United States.

6. **Elements of the Offense:**

The United States and Defendant agree that in order to convict Defendant of Discharging a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), the United States would have to prove beyond a reasonable doubt the following elements:

(a). First, the Defendant committed the crime of Robbery Affecting Commerce;

(b). Second, the Defendant knowingly discharged a SCCY CX-2 9mm caliber pistol during and in relation to that crime.

7. **Factual Basis and Statement of Facts:**

The United States and Defendant stipulate and agree that the following facts are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and that these facts constitute an adequate factual basis for LAVANDER YAHTIN's guilty plea. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

On or about October 29, 2020, Defendant entered the Wolf's Den Travel Center in Wapato, Washington, armed with a SCCY CX-2 9mm caliber pistol and pointed it at the cashiers working there. Defendant ordered the cashiers to provide him money and with drinks. Defendant also took Copenhagen tobacco products while holding the cashiers and gunpoint and threatening them. During this time a customer entered the Wolf's Den and Defendant began to talk to him. One cashier, S.B. hit Defendant with a tire pressure gauge and a struggle ensued. Defendant discharged the SCCY CX-2 9mm caliber pistol twice before exiting the store with the money and Copenhagen tobacco products. Defendant was eventually apprehended by police after driving away from the Wolf's Den in a vehicle.

//

//

PLEA AGREEMENT
PAGE - 5

**8.  The United States Agrees:**

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against the Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictment in this case, unless the Defendant breaches this Plea Agreement any time before or after sentencing. The United States also agrees to dismiss the remaining counts of the Indictment against Defendant, if any.

**9.  United States Sentencing Guideline Calculations:**

Defendant understands and acknowledges that the Court will consult the United States Sentencing Guidelines (hereinafter "U.S.S.G.") and take them into account when sentencing. Defendant also understands, however, that pursuant to *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guideline range is advisory and that the court is required to consider the factors set forth in 18 U.S.C. § 3553(a) and to impose a reasonable sentence.

(a.)  Acceptance of Responsibility:

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; and enters a plea of guilty as soon thereafter as it may be

placed on the court's docket, the United States will recommend that Defendant receive a two (2) level reduction for acceptance of responsibility, and if Defendant's adjusted offense level is sixteen (16), or greater, the United States will move for a one (1)-level reduction for timeliness. See U.S.S.G. § 3E1.1(a) and (b).

The Defendant and the United States agree that the United States may at its option and upon written notice to the Defendant, not recommend a three (3) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, the Defendant is charged or convicted of any criminal offense whatsoever or if the Defendant tests positive for any controlled substance.

(b.) Criminal History:

The United States and Defendant make no agreement regarding Defendant's criminal history.

**10.  Incarceration:**

The United States and the Defendant agree to recommend that the Court impose a sentence of ten (10) years imprisonment.

**11.  Fines:**

The United States and Defendant reserve the right to make whatever recommendation they believe is appropriate concerning the imposition of a criminal fine.

**12.  Supervised Release:**

The United States and Defendant agree to recommend that the Court impose a 5-year term of supervised release.

**13.  Mandatory Special Penalty Assessment:**

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment.

**14.  Restitution:**

The United States and the Defendant hereby stipulate and agree that, pursuant to 18 U.S.C. § 3663, § 3663A, and § 3664, the Court should order restitution to the victims, and medical providers in an amount not to exceed $10,000.00.

**15.  Payments While Incarcerated:**

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

### 16. Appeal Rights:

The Defendant understands that he has a limited right to appeal or challenge the conviction and sentence imposed by the Court. The Defendant hereby expressly waives his/her right to appeal his conviction and the sentence the Court imposes, including any restitution order. The Defendant further expressly waives his/her right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

Defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack Defendant might file challenging the conviction or sentence in this case, except for ineffective assistance of counsel as noted above. If Defendant files a notice of appeal, a habeas petition, or other collateral attack, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the Government, be remanded to the District Court to determine whether Defendant is in breach of this agreement and, if so, to permit the Government to withdraw from the Plea Agreement.

**17.    Integration Clause:**

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The United States and Defendant agree that this agreement cannot be modified except in a writing that is signed by the United States and Defendant.

**Approvals and Signatures**

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

VANESSA R. WALDREF
United States Attorney

_____         1/13/2022
MATTHEW A. STONE                               Date
Assistant United States Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement, and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____  12/3/2021
LAVANDER YAHTIN             Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

_____  12/3/2021
ULVAR W. KLEIN              Date
Attorney for Defendant

PLEA AGREEMENT
PAGE - 11