Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Matthew A. Stone
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | ) | NO: 1:21-CR-2003-SMJ-1 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | PLAINTIFF'S SENTENCING MEMORANDUM |
| LAVANDER YAHTIN, | ) | |
| Defendant. | ) | |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Matthew A. Stone, Assistant United States Attorney, submits the following sentencing memorandum. The Government is seeking a sentence of ten years in prison followed by five years of supervised release:

Plaintiff's Sentencing Memorandum                1

I.

SENTENCING CALCULATIONS

The Government agrees with the sentencing guidelines calculations in the PSIR. The PSIR sets out a guideline sentence of 10 years in prison with a criminal history category of I. ECF No. 89 ¶ 86, 60.

II.

GOVERNMENT'S OBJECTION TO PSIR

The Government has no objections to the PSIR.

III.

SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

The Guidelines are the starting point and the initial benchmark for the sentencing process. *Kimbrough v. United States*, 128 S. Ct. 558 (2007). The Court "take[s] into account the totality of the circumstances" to determine whether a sentence is reasonable. *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

1. <u>The nature and circumstances of the offense and the history and characteristics of Defendant.</u>

In the instant case, the Defendant was caught by law enforcement leaving the scene of an armed robbery at the Wolf's Den in Wapato. Further investigation including video of the incident showed the Defendant approach the cashiers stand in the Wolf's Den, pull a pistol from his coat and proceed to point it at the cashiers and demand they give him money from the cash register along with tobacco

products and beverages. The Defendant repeatedly threatened the cashiers and ultimately discharged the pistol at one of the cashiers, injuring the cashier, before fleeing the store and being apprehended by law enforcement. The Defendant did admit to what he did in an interview with the FBI.

    The Defendant is 22 years old and has no criminal history prior to this offense.

    2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

The Defendant committed an armed robbery and threatened multiple cashiers before discharging his pistol during the course of the robbery. The discharging of the pistol led to injuries to one of the cashiers. The conduct of the Defendant was extremely serious and put multiple people's lives in danger. On the other hand, the Defendant is only 22 years old, and has no prior criminal history. Ten years in prison shows that this kind of conduct cannot be tolerated but takes into account the Defendant's age and lack of history as well as his acceptance of responsibility for the incident. The victims in this case were consulted about the government's recommendation and agreed with ten years.

    3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

Given his lack of criminal history, ten years in prison is a very steep sentence for the Defendant. Hopefully, a ten-year prison sentence will deter the Defendant from engaging in criminal conduct again.

4. <u>The need for the sentence imposed to protect the public from further crimes of Defendant.</u>

The Defendant is a danger to the community based upon his conduct in this case. The Defendant put multiple cashiers lives in danger and discharged a pistol at one of them. Ten years of imprisonment followed by five years of supervised release should protect the public from further crimes of the Defendant.

5. <u>The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

The Defendant does appear to be in need of educational and/or vocational training. The Defendant does not have a high school diploma or GED and his only employment history was at Legends Casino. The Defendant was using alcohol when this incident occurred and had marijuana in the vehicle that he was arrested in. Substance abuse treatment may be applicable. Five years of supervised release after a ten-year prison sentence would allow him an opportunity to pursue further education and employment and substance abuse treatment while being supervised by probation.

IV.

GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends that the Court impose a sentence of ten years in prison followed by five years of supervised release.

Respectfully submitted this 31st day of May 2022.

VANESSA R. WALDREF
United States Attorney

s\ Matthew A. Stone
MATTHEW A. STONE
Assistant United States Attorney

I hereby certify that on May 31, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF which will send notification of such filing to the following: Gregory Scott

s\ Matthew A. Stone
MATTHEW A. STONE
Assistant United States Attorney
United States Attorney's Office
402 E. Yakima Ave., Suite 210
Yakima, WA   98901
(509) 454-4425
Fax (509) 454-4435

Plaintiff's Sentencing Memorandum         5